# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MARY A. BELL,

        Plaintiff,

v.                                                                                     Case No. 07-CV-81

COLUMBIA ST. MARY'S HOSPITAL MILWAUKEE, INC.,
COLUMBIA ST. MARY'S, INC.,

        Defendants.

_____

## ORDER

On January 24, 2007, plaintiff Mary A. Bell ("Bell") filed her complaint alleging that her prior employer, defendants Columbia St. Mary's Hospital Milwaukee, Inc. and Columbia St. Mary's, Inc., discriminated against her on the basis of her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. In Bell's Rule 26(a)(2) expert disclosures she identified four "retained experts" and five "non-retained treating physician experts." Pursuant to Rule 26(a)(2)(B), Bell provided the defendants with expert reports for the four "retained experts" but did not provide reports for the five "non-retained treating physician experts." On December 19, 2007, the defendants filed an expedited motion to compel Bell to provide expert reports for the five "non-retained treating physician experts." For the reasons stated below, the court will grant the defendants' motion.

In her Rule 26(a)(2) expert disclosures Bell identified the following five treating physicians as "non-retained treating physician experts:" Ann Selzer, M.D., Luiz Vazquez, M.D., Carla Wright, M.D., Michael Bell, M.D., and Michael Krco, M.D. Bell

states that these expert witnesses will testify as to their evaluation, treatment, diagnosis, and prognosis with regard to the condition for which they treated Bell. Bell opposes the defendants' motion to compel expert reports from these witnesses, asserting that expert reports are not required from them because their testimony is based on their treatment, observations, and opinions drawn from their treatment and observations, and this information is available in the treatment records already provided to the defendants, and by deposing the treating physicians.

Civil Local Rule 26.1 provides that "[e]ach party must disclose to every other party the substance of all expert witness evidence that the party intends to present at trial, including expert witness evidence of hybrid fact/expert witnesses such as treating physicians." Civil L.R. 26.1(a). The disclosure "must be in the form of a written report prepared and signed by the witness which includes [among other things] a statement of all opinions to be expressed and the basis and reasons therefor . . . ." Civil L.R. 26.1(b). In addition to the local rule, pursuant to Fed. R. Civ. P. 26(a)(2), all expert witnesses must be identified, and all witnesses "retained or specially employed to provide expert testimony" must submit an expert report. Fed. R. Civ. P. 26(a)(2)(A)-(B). Specifically, Rule 26(a)(2)(B) requires a party to disclose his or her expert witness(es) to the opposing party and requires the expert to sign and provide to the opposing party a report which sets forth, among other things, a complete statement of the expert's opinions and the basis and reasons for these opinions. *Id.*

The Seventh Circuit has not yet addressed the issue of "whether an individual who serves in the capacity of 'treating physician' (or any analogous position) may nonetheless be required to submit a report under Rule 26(a)(2)(B)." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 n.3 (7th Cir. 2004). The commentary to Rule 26 notes that a "treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26, cmt. 1993 Amendments, subdivision (a), para (2). Indeed, in *Musser*, the Seventh Circuit stated that "[i]t is clear that there is some expert testimony in the nature of the treating physician's testimony that does not require a report." *Id.* at 758 n.3. However, the court in *Musser* went on to note that "some district courts have suggested that if the Rule 26(a)(2)(A) testimony exceeds the scope of treatment and ventures into more general expert opinion testimony, a report may be necessary." *Id.*

Some courts in this circuit have held that treating physicians may offer opinion testimony on causation, diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report. *See McCloughan v. City of Springfield*, 208 F.R.D. 236, 241-42 (C.D. Ill. 2002) (collecting cases); *see also Richardson v. Consolidated Rail Corp.*, 17 F.3d 213, 218 (7th Cir. 1994) (holding that a treating physician is not an expert so long as his or her testimony is "based on . . . observations during the course of treating . . . [and not] acquired or developed in anticipation of litigation or trial."). To the contrary, other courts in this circuit have held that treating physicians offering evidence regarding causation, prognosis, or

-3-
Case 2:07-cv-00081-JPS   Filed 01/16/08   Page 3 of 7   Document 31

future disability are offering expert opinion evidence such that a Rule 26(a)(2)(B) report would be required. *See Griffith v. Northeast Illinois Regional Commuter Railroad Corp.*, 233 F.R.D. 513, 518 (N.D. Ill. 2006); *see also O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 n.14 (7th Cir. 1994) ("we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation."); *Zarecki v. National R.R. Passenger Corp.*, 914 F. Supp. 1566, 1573 (N.D. Ill. 1996) (holding that a treating physician may not testify as to the issue of causation because he was not disclosed as an expert witness pursuant to Rule 26(a)(2)).

Here, Bell argues that she complied with Civil L.R. 26.1 and Rule 26(a)(2) by identifying all expert witnesses and by providing reports for the four testifying experts she retained to form an opinion for the purpose of testifying. Bell contends that the testimony of the treating physicians relates to matters personally observed by these witnesses and their opinions were formed through their treatment of Bell. Thus, Bell asserts, Rule 26(a)(2)(B) reports are not required from these witnesses. In support of this position, Bell cites to *McCloughan*, where the district court held that the plaintiff's treating physicians could offer opinion testimony on causation, diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report because "causation, diagnosis, and prognosis would be based upon the treating physicians' personal knowledge" of the plaintiff and his case. 208 F.R.D. at 242.

The court is not aware of the specific substance of Bell's treating physicians' testimony or the content of their treatment records. Bell states that the five "non-

retained treating physician experts" will base their testimony on "their treatment, observations, [and] opinions drawn therefrom . . . ." (Pl.'s Resp. Br. 1-2.)  Bell also states that she did not retain or employ any of the treating physicians for the purpose of providing opinion testimony in this matter.  (Leech Decl. ¶ 1.)  In addition, Bell states that she anticipates the treating physicians will testify as to their "evaluation, treatment, diagnosis and prognosis with regard to the condition for which they are or have treated [Bell]."  (Pl.'s Resp. Br. 1.)

The commentary to Rule 26 notes that the Rule 26(a)(2) "imposed an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  Fed. R. Civ. P. 26, cmt. 1993 Amendments, subdivision (a), para (2).  Bell asserts that the defendants can effectively prepare for cross examination of the treating physicians by reviewing the treating physicians' treatment records already provided to the defendants and by deposing the treating physicians.  However, as noted above, Bell states her treating physicians will base their testimony on "their treatment, observations, [and] opinions drawn therefrom" (Pl.'s Resp. Br. 1-2), and the treatment records would not necessarily identify the opinions that some or all of the treating physicians might offer at trial.  As noted by the defendants, without expert reports for these witnesses, the defendants would be required to conduct lengthy and expensive depositions in order to determine what opinions the treating physicians might express.  In addition, Bell concedes that her treating physicians will

be called upon to offer expert testimony regarding prognosis, an issue which potentially exceeds the scope of their personal knowledge and treatment of Bell. *See, e.g., Griffith*, 233 F.R.D. at 516 (holding that "when the testimony of a treating physician goes beyond the scope of treatment, observation, and diagnosis, and includes opinions on causation, prognosis, or the future impact of the injury, the treating physician must provide a report satisfying the requirements of Rule 26(a)(2)(B).").

A treating physician testifying as to the causation or prognosis of Bell's injury or Bell's future disability is testifying as a "hybrid fact/expert witnesses" and is required by Civil Local Rule 26.1 to provide a "written report prepared and signed by the witness which includes [among other things] a statement of all opinions to be expressed and the basis and reasons therefor . . . ." Civil L.R. 26.1(b). Because Bell's treating physicians will be called upon to offer expert testimony regarding their opinions drawn from their treatment of Bell, the prognosis of Bell's injury, and potentially to offer testimony regarding the causation of Bell's injury and future disability, the court will require these experts to provide Rule 26(a)(2)(B) reports. This conclusion is in accordance with the general purpose of discovery in federal courts, that evidence is readily exchanged in order to avoid so-called trial by ambush.

Accordingly,

**IT IS ORDERED** that the defendants' motion to compel (Docket # 25) be and the same is hereby **GRANTED**. The plaintiff shall provide the defendants within **thirty (30) days** from the date of this order expert reports for each of the "non-retained treating physician experts" identified in the plaintiff's Rule 26(a)(2) expert disclosures.

Dated at Milwaukee, Wisconsin, this 16th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-7-
Case 2:07-cv-00081-JPS   Filed 01/16/08   Page 7 of 7   Document 31