# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MARY A. BELL,

        Plaintiff,

v.                                                                 Case No. 07-CV-81

COLUMBIA ST. MARY'S, INC. and
COLUMBIA ST. MARY'S HOSPITAL MILWAUKEE, INC.

        Defendant.

_____

## ORDER

On January 23, 2009, the court granted defendants' motion for summary judgment and dismissed plaintiff's complaint on the merits. (Docket #105). On January 30, 2009, defendants filed a proposed bill of costs with the court. (Docket #107). On February 2, 2009, the Clerk of the Court issued a letter providing counsel for the plaintiff with a deadline of February 17, 2009, to submit any objections to defendants' proposed bill of costs. (Docket #110). Since then, plaintiff has filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit. (Docket #111). On February 16, 2009, plaintiff filed an expedited motion to stay the taxation of costs pending resolution of her appeal. (Docket #116). On February 17, 2009, plaintiff's counsel filed a letter requesting an extension of time to object to defendants' proposed bill of costs. On February 18, 2009, defendants filed their own motion to strike plaintiff's February 17th letter. The court now addresses plaintiff's motion to stay.

As an initial matter, the court notes that, in general, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). However, this rule is not absolute. During the pendency of an appeal on the merits of a case, the district court often awards costs and attorneys' fees. *Id.* at 1337-38 (citations omitted).

Plaintiff moves to stay taxation of costs pursuant to Fed.R.Civ.P. 62(d). Rule 62(d) allows an appellant to obtain a stay of the enforcement of a judgment, pending the resolution of an appeal of that judgment, by posting a supersedeas bond. *See* Fed.R.Civ.P. 62(d). Plaintiff requests a stay without a bond pending her appeal. Plaintiff contends that the issuance of a stay would promote efficiency and avoid potential waste of the court's and the parties' resources. Plaintiff also asserts that imposing costs would cause undue stress and drain on her limited financial resources. However, under Fed.R.Civ.P. 54(d), costs should be allowed to the prevailing party unless otherwise provided by law or by the court. Moreover, plaintiff has not demonstrated any likelihood of success on the merits of her appeal. *See generally Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997). The court has issued its judgment on the merits, and finds no basis to delay the imposition of costs. Plaintiff has an opportunity to object to the imposition of costs, as provided by the letter from the Clerk of the Court filed on February 2, 2009. If

there be any objections, the court will consider whether the awarding of costs is warranted in this case. *See Campell v. Johnson*, No. 04-C-661, 2006 WL 6021153, at *1 (W.D. Wis. 2006) (describing the standard for awarding of costs). Plaintiff's motion to stay the taxation of costs is denied. The court will grant plaintiff leave to file any objections to defendants' proposed bill of costs until **Friday, March 6, 2009**.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to stay taxation of costs (Docket #116) be and the same is hereby **DENIED**; plaintiff shall have until **Friday, March 6, 2009,** to file any objections to defendants' proposed bill of costs. If there be any objections, defendant will have until **Wednesday, March 11, 2009**, to file a response, and any reply by plaintiff must be filed on or before **Friday, March 13, 2009**.

**IT IS FURTHER ORDERED** that defendants' motion to strike plaintiff's February 17, 2009 letter (Docket #119) be and the same is hereby **DENIED** as moot.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge