UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

MARY A. BELL,

        Plaintiff,

        v.                                                  Case No. 07-CV-81

COLUMBIA ST. MARY'S, INC., and
COLUMBIA ST. MARY'S HOSPITAL MILWAUKEE, INC.,

        Defendants.

_____

**ORDER**

On January 23, 2009, the court granted defendants' motion for summary judgment and dismissed Mary A. Bell's ("Bell") complaint on the merits. (Docket #105). On January 30, 2009, defendants filed a proposed bill of costs with the court. (Docket #107). Bell objected to defendants' proposed bill of costs on several grounds. On February 10, 2009, Bell also filed a notice of appeal taken from the court's order dismissing her case. (Docket #111). On March 12, 2009, Bell filed a motion for leave to proceed *in forma pauperis* on appeal. (Docket ##133-134). The court now considers defendants' proposed bill of costs and Bell's motion.

**1.    Bill of Costs**

As the prevailing party in this case, defendants filed a bill seeking taxation of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Civil Local Rule 54.1. Defendants request $3,642.30 in costs accrued in the course of defending against Bell's claim. Bell asks the court to exercise its discretion and deny the taxation of costs due to Bell's current indigency, and her inability to pay in the

future. In the alternative, Bell asks the court to reduce the amount requested, arguing that defendants are not entitled to all of the copying costs included in their proposed bill.

### *a.* *Indigency Exception*

Bell asserts that she should be relieved from paying defendants' costs in this case due to her indigency. Rule 54(d) states that "costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule presumes that a losing party will be taxed costs, although the court retains discretion in determining whether to ultimately award such costs. *See Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). In exercising its discretion, the court may consider a losing party's indigence. *See Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). However, "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. Instead, a losing party claiming indigence bears the burden of presenting documentary evidence showing he or she is incapable of paying costs "at this time or in the future." *Id.* (citation omitted). If the losing party meets this initial burden, the court must then consider whether denying an award of costs is appropriate in light of "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case. . . ." *Id.*

Here, in support of her claim of indigency, Bell states that she is 65 years old, has not been employed since she was terminated from her job with defendants, and that her only source of income is a monthly payment of $914.00 in Social Security

benefits. (Bell Aff., Ex. A, Docket #130). Bell also receives food stamps. Bell lists a 2006 Mercury Montego, which she received from her deceased brother, as her only asset. The car is subject to an outstanding auto loan. Bell estimates her monthly expenses to be $1,711.00, which includes payments for life insurance, rent, a car loan, cable and telephone service, and unpaid federal income tax arrears, among other things. Bell also has an unpaid money judgment against her from a Wisconsin state court case. (Bell Aff., Ex. B, Docket #130). In her motion, Bell, through her counsel, argues that her disability will likely prevent her from working in the future.

After considering the documentary evidence submitted, the court finds that Bell has not sufficiently demonstrated that she is unable to pay costs in this case. The court has little doubt that Bell's current financial situation is precarious. However, Bell has not demonstrated that she will be unable to pay costs in the future. While some of the monthly expenses Bell has evidenced are unavoidable, such as the unpaid tax lien and money judgment, others appear to be more discretionary in nature, such as cable television services and life insurance premiums. Moreover, the conclusory assertion made by Bell's counsel that Bell's disability prevents her from ever working again is not supported with any evidence. As a result, Bell has failed to meet her burden in demonstrating that she is incapable of ever paying costs in this case.

Even if the court were convinced that Bell would not be able to pay costs in the future, the court would still be inclined to assess costs in this case. The court

does not consider the issues presented in Bell's case to have been particularly close or complex, and the good faith basis for her claim has been called into question by defendants. Therefore, the court finds that Bell has failed to overcome the presumption that costs should be assessed against her.

### ***b.  Deposition Costs***

The court now turns to Bell's objections to the items included in defendants' proposed bill of costs. In general, costs may be taxed on: (1) fees of the clerk; (2) fees for transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and costs of making copies where they are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts or interpreters. 28 U.S.C. § 1920.

First, Bell objects to the taxing of costs for two copies of deposition transcripts, and for mailing costs. Civil Local Rule 54.2(b) allows for the following costs:

> Deposition Costs. The court reporter's charge for the original of a deposition, if paid by the taxing party, and the taxing party's copy are taxable if the deposition was reasonably necessary for use in the case, whether or not it was used at trial. Reasonable expenses of the reporter, the presiding notary or other official and postage costs for sending the original deposition to the Clerk of the Court for filing are taxable. . . .

Civil L.R. 54.2(b). Bell asserts that this rule was meant to reimburse the prevailing party for the cost of reproducing and sending a copy of a deposition to the clerk of the court. However, Bell claims that defendants never sent the clerk copies of the depositions. Defendants respond that the plain language of the rule allows them to

-4-

tax the deposition-related costs. Civil Local Rule 54.2(b) allows the taxing party to be compensated for postage costs accrued from sending the original deposition transcript to the clerk. However, the rule does not make the taxation of the costs of producing an original and one copy of a deposition transcript conditional on sending the original to the clerk. Therefore, the court finds that defendants are entitled to receive their costs in reproducing an original and one copy of the deposition transcripts. Defendants will not be granted costs for postage and handling of deposition transcripts, which total $75.00 according to invoices provided.

Bell also asserts that defendants improperly seek "minuscripts" and administrative charges relating to the depositions taken. However, Bell does not explain where such costs are sought, and no such charges appear on the invoices filed by defendants. The court cannot address phantom costs that are neither explicitly sought by defendants, nor adequately objected to by Bell.

Next, Bell argues that defendants are not entitled to the costs of producing exhibits for the depositions because they have not demonstrated that the exhibits were "essential deposition exhibits." *See Harkins v. Riverboat Servs., Inc.*, 286 F.Supp.2d 976, 980 (N.D. Ill. 2003) (requiring showing by taxing party that deposition exhibits were essential to understanding an issue in the case). Defendants respond simply by describing Bell's objection to the taxation of these costs as nonsensical. According to the invoices provided, exhibits copies for depositions cost $124.75. However, since neither party has demonstrated how these exhibits were used in the depositions, and neither the local rules nor 28 U.S.C. § 1920 explicitly provide for the
-5-

costs associated with the reproduction of exhibits for depositions, the court declines to award these costs.

In sum, the court finds that defendants are entitled to the costs they seek related to depositions except for the costs itemized as "postage & handling," or "courier & handling," or "exhibits." As a result, the amount taxed for deposition related expenses will be reduced by $199.75, for a revised total of $3,195.95.

### c. *Other Copies*

Bell next argues that defendants are not entitled to be reimbursed for the cost of copying documents that were filed with the court in this case, or for costs of acquiring various medical-related records. Defendants respond that it is reasonable for them to request reimbursement for the cost of reproducing one hard copy set of the documents they filed electronically with the court. Defendants further assert that the costs they seek for copies of Bell's medical-related records are exemplification materials necessarily obtained for use as evidence in this case.

With respect to the cost of making copies of all documents defendants electronically filed in this case, the court finds that such copies were not reasonably necessary for use in this case. *See* Civil L.R. 54.2(d). Although defendants' electronic filings were undoubtedly necessary for the court's decision on the merits, the court finds no basis to tax Bell for defendants' preference to keep a hard copy of those filings. Therefore, defendants' costs will be reduced by $71.40, the amount defendants requested for copies of their electronic docket filings.

-6-

The court also declines to award defendants their costs from obtaining Bell's medical-related records. From the outset, the court is not convinced that such records are the type of items considered exemplification materials under 28 U.S.C. § 1920. Generally, exemplification materials are those items that "further[ ] the illustrative purpose of an exhibit." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). In *Cefalu*, the Seventh Circuit noted that *Black's Law Dictionary* defines exemplification more narrowly to include "an official transcript of a public record, authenticated as a true copy for use as evidence." *Id.* at 427. The records obtained by defendants were from the Equal Employment Opportunity Commission ("EEOC"), the Social Security Administration ("SSA"), Behavioral Health Services, Inc., Advanced Health Care, S.C., Midwest Medical Record Association for records from St. Luke's Medical Center, North Shore Surgical Center, and Milwaukee Health Services, Inc. While the records sought from the EEOC and SSA could be considered public records, and the court agrees that these records were used by defendants in their defense, the court finds no basis for defendants to be reimbursed for costs associated with obtaining copies of these materials. Bell asserts, and defendants do not dispute, that she provided copies of these records to defendants pursuant to Fed. R. Civ. P. 26(a). Moreover, defendants have not included the fees associated with obtaining copies of these materials in their proposed bill of costs form. (Docket #107). Therefore, to the extent defendants actually request costs be taxed for obtaining copies of Bell's medical-related records, the court denies such a request.

Accordingly, the court will grant defendants' request for costs in part and as follows: (1) the amount requested for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case shall be reduced from $3,395.70 to $3,195.95; and (2) the amount requested for fees for exemplification and copies of papers necessarily obtained for the use in the case shall be reduced from $71.40 to $0. The resulting total costs taxed to plaintiff will, therefore, be $3,371.15.

**2.      Motion for Leave to Proceed *In Forma Pauperis***

Bell has also moved to proceed *in forma pauperis* on appeal. Bell also seeks a refund of the fee she already paid. Under Rule 24(a) of the Federal Rules of Appellate Procedure, a party seeking leave to proceed *in forma pauperis* on appeal must attach an affidavit that shows: (1) the party's inability to pay for fees and costs; (2) an entitlement to redress; and (3) the issues the party intends to present on appeal. Fed. R. App. P. 24(a)(1). The affidavit Bell submits in support of her motion establishes that she would be unable to pay for fees and costs. Yet, Bell paid the $455.00 filing fee. Moreover, Bell has not stated any specific issues she intends to present on appeal,[1] or otherwise demonstrated an entitlement to redress from the court's order dismissing this case. Therefore, because Bell has not met the minimal requirements of Fed. R. App. P. 24(a), the court is obliged to deny Bell's motion for leave to proceed *in forma pauperis* on appeal.

---

[1] In her affidavit, Bell only states that she intends to appeal the court's dismissal of her claim on summary judgment. (Bell Aff., Docket #132).

Accordingly,

**IT IS ORDERED** that defendants' proposed bill of costs (Docket #107) be and the same is hereby **GRANTED** in part; costs are hereby taxed against the plaintiff in the amount of $3,371.15;

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket #133) and plaintiff's amended motion for leave to proceed *in forma pauperis* (Docket #134) be and the same are hereby **DENIED**; the Clerk is directed to notify the parties and the court of appeals pursuant to Fed. R. App. P. 24(a)(4)(A).

Dated at Milwaukee, Wisconsin, this 8th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-9-

Case 2:07-cv-00081-JPS   Filed 04/08/09   Page 9 of 9   Document 137